# United States Court of Appeals

For the Eleventh Circuit

FILED
03 FEB 28 AM 10:45

No. 02-11612-BB

District Court Docket No.
01-00331-CV-T-23

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 3, 2003

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

versus

JOSEPH N. SWEET,
individually and as trustee
of EDM Enterprises,
EDM ENTERPRISES,
a Trust,

       Plaintiffs-Appellants.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: January 3, 2003
For the Court: Thomas K. Kahn, Clerk
By: Alvin, Keturah

ISSUED AS MANDATE
FEB 2 6 2003
U.S. COURT OF APPEALS
ATLANTA, GA



[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

No. 02-11612
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 3, 2003
THOMAS K. KAHN
CLERK

D.C. Docket No. 01-00331-CV-T-23

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

JOSEPH N. SWEET,
individually and as trustee
of EDM Enterprises,
EDM ENTERPRISES,
a Trust,

                Plaintiffs-Appellants.

Appeal from the United States District Court for the
Middle District of Florida

(January 3, 2003)

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Appellants Joseph N. Sweet and EDM Enterprises ("EDM") appeal the federal district court's order granting appellee's motion for default judgment and a permanent injunction, enjoining the appellants from the organization or sale of abusive tax shelters, plans, or arrangements, pursuant to 26 U.S.C. §§ 7408, 7402, 6700.

We review questions of subject matter jurisdiction de novo, see Singleton v. Apfel, 231 F.3d 853, 856 (11th Cir. 2000), and a district court's entry of default judgment for abuse of discretion. E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990) (citations omitted).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm in all respects.

The relevant facts are straightforward. On February 13, 2001, the United States filed a complaint in the United States District Court for the Middle District of Florida seeking a permanent injunction and other relief against the appellants. The United States sought to enjoin the appellants from taking any action in furtherance of the organization or sale of abusive tax shelters, plans, arrangements, or related conduct which advise or encourage taxpayers to attempt to evade unlawfully the assessment or collection of their federal income tax liabilities. The government alleged specifically Sweet and EDM made statements orally and in writing that were false and

2

fraudulent such as that the Internal Revenue Service was not legally authorized to collect taxes.

On March 13, 2001, appellants moved to dismiss the government's petition, alleging that it was insufficient as a matter of law, and that the district court lacked personal jurisdiction over the appellants and subject matter jurisdiction over the action. By order entered March 29, 2001, the district court denied the motion to dismiss, finding that: (1) the government's petition sufficiently stated a claim upon which relief could be granted; (2) the record established that the United States Marshall properly effected service; (3) the United States plainly had standing to enforce the Internal Revenue Code; and (4) other allegations were either unsupported or insufficient to merit dismissal of the complaint.

When the appellants did not answer the complaint, the United States then moved for default judgment and permanent injunction against the appellants; the district court granted the motion on May 17, 2001. Thereafter, appellants moved to set aside the entry of default. After a series of actions unrelated to this appeal, on January 30, 2002, the court denied the appellant's motion and ordered them to show cause why the court should not grant the government's motion for default judgment and permanent injunction. The appellants failed to respond or request an extension of time to do so, and the court granted the government's unopposed motion for

default judgment and permanent injunction on February 20, 2002. In pertinent part, the court found that the appellants had engaged in conduct subject to penalty under 26 U.S.C. § 6700, and that such conduct entitled the United States to injunctive relief pursuant to 26 U.S.C. §§ 7408 and § 7402(a).

We first address the government's argument that we lack subject matter jurisdiction over EDM's appeal. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). The government says that we may not have jurisdiction over this appeal because Sweet signed the notice of appeal pro se on EDM's behalf, in contravention of the rule that corporations and trusts be represented by licensed attorneys. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.") (citations omitted). However, the government acknowledges in its briefing to this Court that at this point in time EDM is in fact represented by a licensed attorney. See In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981) (holding that an appeal by an unrepresented entity would be dismissed unless an attorney admitted to practice before the court filed an appearance to represent the corporate appellant within 30 days). Since a licensed attorney has filed a brief to this Court on behalf of both Sweet

and EDM, a dismissal for lack of proper representation is unnecessary. Simply put, we have jurisdiction over this appeal.

On appeal, Sweet and EDM, represented by counsel, argue that 26 U.S.C. § 6700 does not apply to them because Congress only has legislative authority over the District of Columbia, federal lands within the states, and interstate commerce, and because § 6700 is not self-executing it cannot be applied because there are no implementing regulations.

These claims are frivolous. In United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987), cert. denied, 485 U.S. 1022, 108 S. Ct. 1576, 99 L. Ed. 2d 891 (1988), this Court flatly rejected the argument that "the United States has jurisdiction over only Washington, D.C., the federal enclaves within the states, and the territories and possessions of the United States." Moreover, in United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992), a panel of this Court held that a statutorily created duty was valid because Congress did not condition that duty on any Treasury regulation. Similarly, in this case, from a plain reading of the statutes, Congress did not condition the application of 26 U.S.C. §§ 7408, 7402, ans 6700 on any Treasury regulation.

The absence of regulation, quite simply, does not affect the implementation of those statutes.[1]

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By_____
Deputy Clerk
Atlanta, Georgia

---

[1] The government filed, contemporaneous with its response brief, a motion for sanctions against Sweet, EDM, and their attorney, for filing a frivolous appeal. The government argues that appellants' arguments "are patently frivolous arguments that have been thoroughly discredited and repeatedly rejected by the federal courts." In reply, appellants argue that the government did not provide any caselaw to contradict the caselaw they provided, and proceed to attempt to distinguish all of the cases in the government's brief.

Rule 38 of the Federal Rules of Appellate Procedure states:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38. In Taiyo Corp. v. Sheraton Savannah Corp., 49 F.3d 1515, 1515 (11th Cir. 1995), this Court imposed sanctions against the appellant and its attorney, holding them jointly and severally liable for bringing a frivolous appeal. This Court did not remand for a determination of the amount, but awarded the amount requested by the movant, since the opposing party did not challenge the amount. Id. at 1515-16. In the instant case, the government has requested $4,000.00 in sanctions, arguing that amount would "partially compensate the Government for the directed costs of defending the appeal and might deter frivolous future appeals." Sweet and EDM do not challenge the amount requested. Since Sweet's, EDM's and their attorney's arguments on appeal are plainly frivolous, having no legal foundation, this Court GRANTS the government's motion for sanctions pursuant to Rule 38.